LaFette Lamb v. The State.

No. 18952. Delivered April 21, 1937.
Appeal Reinstated June 23, 1937.
Rehearing Denied October 13, 1937.

98

The opinion states the case.

*Joe Bailey Humphreys,* of Crockett, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of theft of property over the value of fifty dollars, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The record before us shows that the term of court at which appellant was tried began on the 19th day of October, 1936, and adjourned for the term on the 21st day of November, 1936. Appellant as principal, together with his sureties, made and entered into an appeal bond in the sum of $1,000.00 which was approved by the sheriff alone on the 30th day of December, 1936. It fails to have the approval of the trial judge as required by art. 818, C. C. P., 1925. In this respect the bond is defective and does not confer jurisdiction on this court. See Tolar v. State, 97 Texas Crim. Rep., 145; Jones v. State, 99 Texas Crim. Rep., 50; King v. State, 203 S. W., 52; Johnson v. State, 203 S. W., 903; Gray v. State, 224 S. W., 513, and many other cases might be cited.

By reason of the defective bond, the appeal must be dismissed and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—This case was dismissed at a former day of this term because the appeal bond was not properly approved. This defect has been remedied, and the case is before us for consideration.

The chief contention made in the court below seems to be against the sufficiency of the evidence to show that the prop-

erty alleged to have been stolen was of the value of more than fifty dollars. We have gone carefully over the record, and find ourselves unable to agree with appellant. The articles alleged to have been stolen were harness, cross cut saws and stretchers. It is affirmed in the testimony that there was no market value for second-hand articles of this kind in the county. The State would be relegated to the proposition of the replacement value or the individual value, in such case. However the record in this case so amply supports the proposition of the value of the alleged stolen property being well above fifty dollars, that there seems little need for argument about the rule applicable. The owner of the alleged stolen property testified that a set of heavy logging harness was stolen in September, and that he bought it in May of the same year, and gave sixty-five dollars for it. He said he had to pay sixty-five dollars for another set to replace it. Relative to the value of the two stretchers, he testified positively that the value of the two stolen was fifteen dollars. Relative to the two saws taken, he said he paid nine dollars each for the two saws, and seventy-five cents each for the handles for same. This leaves little controversy as to the fact that the articles stolen were of the value of more than fifty dollars.

Appellant made a motion for new trial, based in part upon alleged misconduct of the jury. He appended to his motion the affidavits of two of the trial jurors. The affidavits were taken before appellant's attorney as a notary public, and,—under all the authorities,—can not be considered.

We find eight bills of exceptions. The first complains of the admission of testimony of the owner as to the value of the alleged stolen property. What we have above said substantially disposes of this complaint.

The second bill complains of the refusal of the trial court to compel the owner of the property to bring it into the court room. The proposition on which the bill proceeds is that if it were brought into the court room appellant could have it examined and its value ascertained. Nothing in the record suggests that the harness could not have been seen and valued before the time of the trial, had appellant desired to make such examination and valuation.

Appellant's bill No. 3 complains of the admission of the testimony of Willie Armstrong who admitted that he had entered a plea of guilty to complicity in this same transaction, on the day of this trial, and had already been sentenced. Nothing in our statutes forbids the use by the State of an accomplice

witness under such state of facts, nor does anything therein render him incompetent to testify.

Bill No. 4 complains further of the refusal of the court to compel the production of the harness in the court room, and for the reason above stated it presents no error. Bill No. 5 further complains of the failure to produce the harness in court. Bill No. 6 complains of the refusal of the motion for new trial based on the alleged misconduct of the jury above referred to. There was no testimony heard by the court, and the affidavits could not be considered. Bill No. 7 complains of the overruling of the motion for new trial, and bill No. 8 complains of the refusal of an instructed verdict of not guilty. None of the bills present reversible error.

The cause is reinstated and now considered, and no error appearing the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Our re-examination of the record in the light of the appellant's motion for rehearing leads us to the conclusion that the proper disposition of the appeal was made in the original opinion. The motion for rehearing is therefore overruled.

*Overruled.*