OTHO PLEASANT v. THE STATE.

No. 20391. Delivered April 26, 1939.
On Appellant's Motion to Reinstate Appeal May 24, 1939.

The opinion states the case.

*Robert R. Mullen, Jr.,* of Alice, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is assault with intent to murder; the punishment, confinement in the penitentiary for two years.

The term of court at which appellant was tried adjourned without appellant having entered into a recognizance on appeal. On the 29th of November, 1938, appellant, as principal, together with his sureties, made and entered into an appeal bond in the sum of $750, which was approved by the sheriff alone on the 30th day of November, 1938. The bond failed to show the approval of the trial judge, as required by Article 818, C. C. P. In this respect it is fatally defective. Hence this court is without jurisdiction. Lamb v. State, 108 S. W. (2d) 1112, and authorities cited.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON APPELLANT'S MOTION TO REINSTATE THE APPEAL.

CHRISTIAN, Judge.

The record having been perfected, the appeal is reinstated and the case considered on its merits.

The court submitted assault with intent to murder with malice as well as assault with intent to murder without malice. The verdict of the jury was as follows:

"We the jury find the defendant, Otho Pleasant, guilty of an assault with intent to murder, and assess his punishment at confinement in the state penitentiary for two years."

In pronouncing sentence, the court decreed that appellant should be confined in the penitentiary for a term of not less than two years nor more than two years.

Art. 775, C. C. P., as amended by Chap. 207, Acts of the 42nd Legislature at its Regular Session, reads, in part, as follows:

"If the verdict fixes the punishment at confinement in the penitentiary for more than the minimum term, the judge in passing sentence shall pronounce an indeterminate sentence, fixing in such sentence as the minimum the time provided by law as the lowest term in the penitentiary and as the maximum the term stated in the verdict."

In Callaway v. State, 2 S. W. (2d) 270, this court held the provisions of Art, 775, supra, to be mandatory. If the conviction in the present case was for assault with intent to murder without malice the minimum term was one year and the maximum, three years. Art. 1160, P. C., as amended by Chap. 61, Acts of the 42nd Legislature, Regular Session. The minimum penalty for assault to murder with malice is two years and the maximum, fifteen years. Art. 1160, supra. Hence the penalty assessed by the jury might be for either assault to murder with malice, or without malice. There being no specific finding of the jury as to whether the conviction was for assault to murder with malice or without malice, the trial court should have refused to receive the verdict. Under ·the circumstances, neither the trial court nor this court is in a position to give effect to the Indeterminate Sentence Law, as it cannot be determined whether the jury intended to convict appellant of assault to murder with or without malice. In the absence of such knowledge, which should have been contained in the verdict before it was received by the trial court, this court does not feel authorized to sanction the imprisonment of appellant on the verdict in question.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.