420 P.2d 934

**STATE of Arizona, Appellee,**

v.

**Henry FOGGY, Appellant.**

**No. 1621.**

Supreme Court of Arizona.

In Banc.

Nov. 30, 1966.

Rehearing Denied Jan. 3, 1967.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for appellee.

Fred O. Wilson, Holbrook, for appellant.

BERNSTEIN, Vice Chief Justice.

Defendant appeals from a conviction of second degree murder and a sentence of life imprisonment rendered by the Superior Court of Arizona in and for Navajo County.

The facts taken in the light most favorable to support the verdict below, State v. Denton, 101 Ariz. 455, 420 P.2d 930 (1966); State v. Reyes, 99 Ariz. 257, 408 P.2d 400; State v. Galbreath, 97 Ariz. 361, 400 P.2d 842, are as follows: The defendant on the morning of December 27, 1964 after a short visit at the house of the decedent left with the decedent and two others to visit several taverns in the surrounding Holbrook area. About four hours later, the defendant returned to the home of the decedent but was refused admittance by a woman who was living with the decedent and who was generally regarded as the decedent's wife. After forcing his way into the home and orally abusing the woman, the defendant proceeded to make physical advances upon her person while she struggled to prevent his expressed sexual intention from coming to fruition. During this struggle the decedent returned and was told of defendant's actions. At this point the decedent took a knife and stabbed the defendant three times while forcing him from the house.

The defendant left the scene in his car but returned a short time thereafter with a .22 rifle in the front seat. The decedent had gone to a neighboring house, called the police, and was waiting for their arrival when the defendant drove up. After a brief conversation with decedent, the defendant drove a short distance away, got out of the car with his rifle in hand and shot the decedent as he turned to go back to the neighbor's house. The bullet entered

the decedent's back just below the left shoulder blade and caused his death a short time thereafter.

The defendant was taken into custody by the Holbrook police about one hour later and at the police station signed a written statement concerning the events surrounding the shooting. At the preliminary hearing, the defendant pled "not guilty" to the information which charged him with first degree murder. Upon trial he was found guilty of murder in the second degree.

On appeal the defendant raises a number of assignments of error which we consider below.

■ The defendant contends that it was a denial of his constitutional rights that he be brought to trial on the basis of an information rather than by the means of Grand Jury indictment. This issue will not be discussed further as it was decided adversely to the defendant in the recent case of State v. Berry, 101 Ariz. 310, 419 P.2d 337.

The defendant argues that his statement at the police station was erroneously admitted into evidence over his objection. Although there was a hearing held by the trial court judge for the purpose of making a preliminary determination of the voluntariness of this statement as required by the United States Supreme Court decision of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, he argues that this hearing fell short of the standards contemplated by that opinion. The Jackson decision requires that the court "actually and reliably determine" that the statement or confession was voluntary before it may be submitted to the jury for their consideration. The defendant now questions whether the judge had sufficient evidence of the circumstances surrounding the taking of the statement to make a "reliable" determination as to its voluntariness.

■ The sole witness for the State on the question of voluntariness was that of a police officer who heard the oral statement made by the defendant, who was present during the major portions of the time that the statement was being made for recording purposes and who co-signed the completed statement. The officer who recorded the statement was unavailable at trial. Before ruling on the voluntariness of the defendant's statement, the judge considered both the testimony of the defendant and the police officer. Evidence as to how the statement was taken, where it was taken, and the various circumstances surrounding the taking of the statement, including, as defendant points out, that he had just had his wounds dressed, was available for the judge's consideration. From the record nothing appears to indicate that the statement was other than voluntary, and judged in the light of Jackson v. Denno, supra, and State v. Costello, 97 Ariz. 220, 399 P.2d 119, we hold that the demands of due process were met.

■ The defendant further argues that the admission of his statement violates the dictates of the United States Supreme Court in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. The court in Escobedo, supra, as clarified in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, provided that once a suspect is subjected to custodial interrogation, i. e. denied his freedom of movement to any substantial degree, he must be advised of his rights to remain silent and he must be given, if requested, an opportunity to consult with counsel before any statements that he may make will be deemed admissible evidence. See, State v. Intogna, 101 Ariz. 275, 419 P.2d 59. Whether a suspect has been afforded these rights is necessarily a question of fact. In Escobedo it was clear that the suspect was denied his request to consult with counsel, but in the present case there is conflicting testimony on this point. Testimony of the police officer who was present at the time the defendant made his statement was to the effect that the defendant was advised of his right to counsel and his right to remain silent and that he chose to make the statement without first consulting an attorney.

On appeal the defendant, one, denies that this advice was given previous to the taking of the statement, and two, claims that he requested counsel and was ignored, thus presenting to this court factual disputes which have already been decided by the trial court judge in ruling the statement admissible. It is not the function of this court to retry conflicts in evidence where there is substantial evidence to support a verdict or the findings of the trial court. State v. Owen, 101 Ariz. 156, 416 P.2d 589. Upon an examination of the record we conclude that there is sufficient evidence to support the trial judge's finding that the defendant had been expressly advised of his right in regard to counsel but that he nevertheless chose to proceed with the making of his statement in the absence of an attorney.

Defendant contends that the judge committed error for failing to grant a motion for directed verdict at the close of the State's case. There is no duty on the part of the court to direct an acquittal where there is substantial evidence that defendant committed the crime of which he has been accused. State v. Silvas, 91 Ariz. 386, 372 P.2d 718, cert. denied 371 U.S. 970, 83 S.Ct. 552, 9 L.Ed.2d 539. Applying this test, we find that the trial judge did not commit error in refusing to grant the defendant's motion.

Defendant argues that the trial court committed error in the handling and disposition of his plea of self-defense. We can find no basis in the record for this contention. Determination of whether a defendant acted in defense of himself in killing another is a fact question for the jury under proper instructions from the court. State v. Fields, 92 Ariz. 53, 373 P.2d 363; Walker v. State, 52 Ariz. 480, 83 P.2d 994. Where, as here, proper instructions were given and there is sufficient evidence to indicate that the defendant did not act in self-defense, this court will not disturb the jury's finding. State v. Mahan, 92 Ariz. 271, 376 P.2d 132.

The defendant maintains that he was denied a fair trial by reason of the fact that the prosecution on cross-examination questioned him concerning a previous felony conviction. The State answers that evidence of defendants' past felony was introduced solely for the purpose of impeaching the credibility of defendant's testimony. A.R.S. § 13–163 provides that if a defendant offers himself as a witness in his own behalf, he may be cross-examined to the same extent and subject to the same rules as any other witness; and in State v. Barker, 94 Ariz. 383, 385 P.2d 516, we said that this includes impeachment by proof of a prior felony conviction. This holding should be no different where the defendant has admitted the prior conviction charged in the indictment or information. Cf. Cochrane v. State, 48 Ariz. 124, 59 P.2d 658. The judge's instructions to the jury carefully cautioned that the prior felony conviction could be considered only for the purpose of judging the value of the witness' testimony and that the mere fact of such conviction did not necessarily impair or destroy his credibility. Noting further that the prosecutor did not go beyond the limits as prescribed in State v. Sorrell, 85 Ariz. 173, 333 P.2d 1081, i. e. that his inquiries be limited to the number of such convictions, the names and nature of the crimes and the places where they were committed, we find no error in admitting the evidence.

The defendant maintains that the jury should have been instructed as to the elements of the crime of involuntary manslaughter. Involuntary manslaughter, as distinguished from voluntary manslaughter, contemplates an act committed unintentionally. Harding v. State, 26 Ariz. 334, 225 P. 482. An intentional use of a deadly weapon, however, is enough to infer an intent to cause serious bodily harm to the decedent. State v. Preis, 89 Ariz. 336, 362 P.2d 660. This inference, in addition to the fact that there is nothing in the record to indicate that the defendant shot other than intentionally substantiate the trial court's refusal to grant an instruction on involun-

tary manslaughter. See State v. Douglas, 2 Ariz.App. 178, 407 P.2d 117.

 The defendant also maintains that had the judge given "proper instructions" on voluntary manslaughter "the jury might well have found the defendant guilty of manslaughter." We disagree with the defendant's contention that proper instructions on manslaughter were not given. The trial judge's instructions on the matter as disclosed in the record were complete and couched in the terms of A.R.S. § 13–455 which defines manslaughter.

 Defendant argues that it was prejudicial error to permit the testimony of the woman living with decedent concerning the facts of his attack upon her person. We have stated before, however, that evidence of other crimes may be admissible when it is so interrelated with the crime for which the defendant is being charged that the jury cannot have a full understanding of the circumstances without such evidence. State v. Villavicencio, 95 Ariz. 199, 388 P.2d 245. For this reason, we find no error in the trial court's decision to admit the evidence.

 The defendant contends that the sentence of life imprisonment was excessive. A.R.S. § 13–453, subsec. B provides that a person found guilty of murder in the second degree "shall be punished by imprisonment in the state prison for not less than 10 years." A.R.S. § 13–1644 provides that where no limit to the duration of the imprisonment is declared, the court authorized to pronounce judgment upon such person may sentence him to imprisonment during his natural life, or for any number of years not less than specifically prescribed. It is a well established rule that the trial judge in imposing sentence should consider not only the circumstances of the offense for which the defendant has been found guilty but also may consider the moral character and past conduct of the defendant in determining the proper punishment. State v. Quintana, 92 Ariz. 308, 376 P.2d 773; State v. Fenton, 86 Ariz. 111, 341 P.2d 237. Noting that the defendant has previously been convicted on a rape charge, we find the sentence here imposed does not manifest an abuse of discretion.

 Defendant further contends that the trial judge made a prejudicial comment concerning the testimony of a witness. There was some question raised at trial as to whether the witness, the woman who had lived with the decedent, had left the house at any time during the series of advances made by the defendant. The judge commented that he would allow the prosecution to bring in evidence of the witness' earlier statements which indicated that she had in fact not left the house. Although a judge is commanded to limit his comments to declarations of law, as distinguished from facts, we are unable to find under the present circumstances that the judge's reference to such immaterial matters resulted in any prejudice to the defendant, and consequently find the judge's remark to be insufficient grounds for reversal. See State v. Dutton, 83 Ariz. 193, 318 P.2d 667; State v. Polan, 78 Ariz. 253, 278 P.2d 432.

 Similarly, in light of the fact that the defendant in his statement indicated that he intended to shoot the decedent, and in light of the fact that he claimed at trial that he purposely shot in self-defense, we find that "substantial justice" was not obviated by the trial court judge's decision to sustain the objections of the prosecution in regards to a question asking the defendant whether he intended to shoot the decedent.

We have examined the remaining assignments of error raised by the defendant on this appeal, including those concerning defendant's motion to set bail, his request for a coroner's inquest, and the trial court's failure to consider defendant's alleged lack of motive in imposing sentence, and find them to be completely without merit.

Judgment affirmed.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concur.