427 P.2d 913

**Arthur Lee ARD, Petitioner,**

v.

**The STATE of Arizona ex rel. the SUPERI-OR COURT OF PIMA COUNTY,**
Respondents.
**No. H–229.**

Supreme Court of Arizona.
In Banc.
May 18, 1967.

Arthur Lee Ard, in pro. per.

Darrell F. Smith, Atty Gen., James S. Tegart, Asst. Atty. Gen., for respondents.

McFARLAND, Justice:

Arthur Lee Ard, hereinafter referred to as petitioner, has petitioned this court for a writ of mandamus, or in the alternative, a writ of habeas corpus. The Attorney General of Arizona has filed a response and we have elected to treat the petition as one for habeas corpus.

As the facts are not in dispute and this case concerns a matter of law which is of some concern to the judiciary of this state, the reasons for our issuance of the writ are set forth in the following opinion.

Petitioner appeared before the Pima County Superior Court in February of 1960 and pleaded guilty to the crime of second degree murder. He was represented by counsel. The court found petitioner to be guilty and pronounced sentence as follows:

"It is therefore ORDERED, ADJUDGED AND DECREED, and the judgment and sentence of the Court is, that you Arthur Lee Ard be punished by imprisonment in the State Prison, at Florence, in the State of Arizona, for the rest of your natural life, to date from February 10, 1960, and the defendant is remanded to the custody of the Sheriff of the said County of Pima, Arizona, to be by him delivered into the custody of the proper officers of said State Prison."

Petitioner contends that a sentence of "natural life" is contrary to the indeterminate sentence provisions of the Arizona Revised Statutes. With this contention we must agree. The applicable statutory provisions are as follows:

"A.R.S. § 13–1643. Indeterminate sentence; minimum and maximum sentence

"A. When a person is convicted of a felony other than murder in the first degree and sentenced to imprisonment in the state prison, the court shall pronounce upon such person an indeterminate sentence of imprisonment in the state prison, stating in such sentence the minimum and maximum limits thereof, fixing as the minimum a term not less than the minimum prescribed for the punishment of such offense, and as the maximum not more than the maximum prescribed for the punishment of such offense."

"A.R.S. § 13–1644. Minimum punishment only prescribed

"When a person is subject to punishment for a crime by imprisonment in the state prison for a term not less than any specified number of years and no limit to the duration of the imprisonment is declared, the court authorized to pronounce judgment upon such person may sentence him to imprisonment during his natural life, or for any number of years not less than prescribed."

"A.R.S. § 13–453. Punishment for murder

\*   \*   \*   \*   \*   \*

"B. A person guilty of murder in the second degree shall be punished by imprisonment in the state prison for not less than ten years."

This is a case of first impression in Arizona. A.R.S. § 13–1644 was adopted

from California, and was first codified as section 1049 of the Penal Code of Arizona in 1887. During the time that this section stood alone in our statutes, it is clear that the court could properly impose a determinate or "fixed" sentence to imprisonment for life or a definite number of years in all cases other than first degree murder, where only the minimum term was prescribed. In 1907 our legislature passed the first indeterminate sentence law. Ariz. Sess.Laws 1907, Chap 37. This underwent several changes until 1912, when a mandatory indeterminate sentence law was passed which was declared by this court in La Porte v. State, 14 Ariz. 530, 132 P. 563, to have eliminated the imposition of determinate sentences. In that case we said:

" * * * Chapter 46, page 201, § 1, Laws 1912, Regular Session, takes from the court its discretion as to determinate and indeterminate sentences, and makes it obligatory upon the court to impose the indeterminate sentence in all felony cases, except treason and murder in the first degree. This act does not reduce the minimum nor increase the maximum penalty as provided in sections 174 and 635, supra, but requires that the sentence shall be for the period of time between the extreme limits. Under it no definite or determinate sentence may be imposed. It expressly repeals all acts in conflict with it. * * *" 14 Ariz. at 532, 132 p. at 564.

In 1913 the indeterminate sentence law was again changed and was enacted into the Penal Code in substantially the same form as it appears today. Ariz.Pen.Code 1913, § 1127; A.R.S. § 13–1643, supra. In a separate part of the Penal Code, the predecessor to A.R.S. § 13–1644 was re-enacted. Ariz. Penal Code, 1913, § 742. Both sections have remained in the statutes from that time until the present day.

In determining the effect of A.R.S. § 13–1644, which was first enacted prior to A.R.S. § 13–1643, we must consider the intent and purpose of the legislature. This intent and purpose can be found in the wording of the statute itself. It merely fixed a maximum sentence which could be imposed where only the minimum sentence was specified, so thereafter in case of a felony such as murder in the second degree, which provided for a punishment of not less than ten years, the maximum could be life imprisonment. A court could, before the enactment of the indeterminate sentence law, sentence a defendant to any term of years between ten and his natural life. In other words § 13–1644 merely makes it plain that where a minimum sentence is specified and no maximum is named, the maximum may be for not only a definite number of years, but may also be for his natural life. When the Legislature passed the indeterminate sentence law there was no conflict with the statutes providing for a minimum sentence, because § 13–1644 specified the maximum. This is made plain by the 1912 statute, Ariz. Sess. Laws 1912, Chap. 46, which provides in part:

" * * * Instead of pronouncing upon such person a definite time of imprisonment in the State prison for a fixed term, after such finding or verdict, the court trying said cause shall pronounce upon such person an indeterminate sentence of imprisonment in the State's prison for a term, stating in such sentence the minimum and maximum limits thereof, fixing as the minimum time of such imprisonment the term now or hereafter prescribed as the minimum imprisonment for the punishment of such offense, and as the maximum time, the maximum time now or hereafter prescribed as a penalty for the commission of such offense."

It will be noted from the language of the statute that the Legislature, in passing an indeterminate sentence law at that time, had no intention of changing the statutory minimum or maximum sentence. In like manner § 1127 of the 1913 Penal Code (A.R.S. § 13–1643) in no way changed the statutory maximum and minimum sentence that could be imposed. It merely eliminated

that portion which made the passing of the statutory minimum and maximum sentence mandatory and left the minimum and maximum to be imposed up to the discretion of the court, so long as it is within the statutory limits.

Keeping the legislative history of these statutes in mind, we turn to the question of whether A.R.S. § 13–1644, supra, is authority for imposition of a life sentence, when read in the light of the indeterminate sentence statute, A.R.S. § 13–1643, subsection A., supra.

■ A life sentence is a fixed or determinate sentence, and in absence of statutory authority is improper in jurisdictions having a mandatory indeterminate sentence law. People v. Westbrook, 411 Ill. 301, 103 N.E.2d 494, 29 A.L.R.2d 1341. Indeterminate sentence statutes are generally held to be mandatory, except where the statute expressly provides for discretion. Pleasant v. State, 137 Tex.Cr.R. 154, 128 S.W.2d 813; State v. Cristensen, 166 Kan. 152, 199 P.2d 475; Abt v. Walker, 126 Conn. 218, 10 A.2d 596; Williams v. State, 233 Ind. 327, 119 N.E.2d 547; In re Smith, 162 Ohio St. 58, 120 N.E.2d 736; Greenough v. State, 136 Neb. 20, 284 N.W. 740, (Statute provides for discretion).

In two cases, this court has stated that the trial court should fix both a minimum and a maximum term of imprisonment. Indian Fred v. State, 36 Ariz. 48, 282 P. 930; State v. Myers, 59 Ariz. 200, 125 P.2d 441. In State v. Douglas, 87 Ariz. 182, 349 P.2d 622, we said:

"In regard to most crimes, our statutes provide for indeterminate sentences, with power in the trial court to set the sentence within the statutory limits or— in his discretion—to suspend its imposition and grant probation. The purpose of this system of sentencing is the individualization of punishment, i. e., making the punishment fit the offender, rather than the crime. Modern concepts of social justice require that some agency of government have this discretionary power to temper justice with mercy. Our laws place the power in the trial court. * * *" 87 Ariz. at 188, 349 P.2d at 625.

■ In order to fulfill the intent of the legislature in making the punishment fit the offender rather than the crime, it is necessary that the indeterminate sentence statute be mandatory. A.R.S. § 13–1643 and A.R.S. § 13–1644 are to be considered in pari materia, and they should be construed so as to give effect to each, if possible. State v. Jaastad, 43 Ariz. 458, 32 P.2d 799. Where sound reason and good conscience will allow, this court has a duty to harmonize statutes where there is a possibility of conflict. S. H. Kress & Co. v. Superior Court of Maricopa County, 66 Ariz. 67, 182 P.2d 931. Therefore in order to give effect to A.R.S. § 13–1644 in such a manner as not to defeat the indeterminate sentence provisions of A.R.S. § 13–1643, it is necessary that the former statute be construed not to authorize a discretionary power in the trial court to impose a sentence of life or other determinate term, but instead this statute sets forth the maximum term which the court may fix in imposing an indeterminate sentence. A.R.S. § 13–1644 does not authorize pronouncement of a fixed or determinate sentence.

For the foregoing reasons, the sentence and commitment of the Pima County Superior Court is set aside. Custody of petitioner is hereby ordered transferred from the Arizona State Prison at Florence, Arizona, to the Sheriff of Pima County for resentencing in accordance with this decision.

BERNSTEIN, C. J., and STRUCKMEYER, UDALL and LOCKWOOD, JJ., concur.