480 P.2d 651

The STATE of Arizona, Appellee,

v.

Michael Martin BENNIN, Appellant.

No. 1979.

Supreme Court of Arizona,
In Banc.

Feb. 17, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Locklear & Wolfinger, by James B. Musgrove, Prescott, for appellant.

CAMERON, Justice.

This is an appeal from judgments of guilty after guilty pleas to four separate counts of kidnapping and from the sentences imposed thereon.

Defendant contends that the court erred in sentencing because:

"1. The court subjected the defendant to cumulative punishment on four counts that were in fact one and the same act.

"2. The defendant has been placed in double jeopardy under A.R.S. 13–145, 1956 as amended, and in violation of the Fifth Amendment of the United States Constitution."

On 20 June 1968, two young couples were driving from Jerome, Arizona, back to their homes in Prescott, Arizona. They stopped to help defendant who had wrecked his automobile. The defendant pulled a gun and forced the four to drive him as he ordered. After a while defendant ordered the car stopped, tied the two boys, took their money, and left them and then took the two girls with him. He again stopped and raped the two girls, at which time one escaped. Defendant took the remaining girl to Flagstaff where she escaped.

Defendant originally was arrested on one charge of kidnapping under § 13–491 A.R.S., that being for one of the girls. The complaint later was amended and defendant was charged with seven felony counts: two counts of kidnapping the two boys (§ 13–492 A.R.S.), two counts of kidnapping the two girls (§ 13–491 A.R.S.), two counts of armed robbery (§ 13–641 A.R.S.), and one count of grand theft auto (§ 13–672 A.R.S.). Before trial, as the re-

sult of plea-bargaining, the defendant pleaded guilty to the four counts of kidnapping and the State dismissed the other counts.

The statutes under which the defendant was sentenced are § 13–491 A.R.S. and § 13–492 A.R.S. § 13–491 A.R.S. reads in part as follows:

"A. A person is guilty of a felony who:

"1. Forcibly steals, takes or arrests any person in this state, and carries him into another country, state or county, or into another part of the same county.

\* \* \* \* \* \*

"d. A crime as prescribed by the terms of subsections A and B, committed by a person armed with a gun or deadly weapon, is punishable by imprisonment in the state prison, for the first offense, for not less than five years \* \* \* nor more than life imprisonment \* \* \*." § 13–491, subsections A and D.

§ 13–492 A.R.S. is titled, "Kidnapping for extortion, robbery, ransom, rape, sodomy, lewd or lascivious acts; punishment", and reads in part as follows:

"A. A person, except in the case of a minor by the parent, who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains such individual for ransom, reward or otherwise, or to commit extortion or robbery, or to exact from relatives of such person or from any other person any money or valuable thing, or a person who aids or abets any such conduct, is guilty of a felony.

\* \* \* \* \* \*

"C. A person convicted under subsections A or B of this section shall be punished as follows:

"1. If the person subjected to the acts mentioned in subsections A or B suffers serious bodily harm inflicted by the person found guilty, the person found guilty shall be punished by death or by life imprisonment without possibility of parole, whichever the jury recommends." § 13–492, subsections A and C.

The court sentenced the defendant on counts 1 and 2 to not less than 25 years nor more than 35 years in the state penitentiary on each of the two counts to run concurrently. The court then sentenced the defendant on counts 3 and 4 to not less than 40 nor more than 50 years, counts 3 and 4 to run concurrently, but to be served consecutively to counts 1 and 2.

## WAS THIS ONE ACT OF KIDNAPPING?

The defendant contends that since the four victims were abducted and harassed together on the same day, during the same period of time, and by the same person these actions constituted but one offense, kidnapping, and therefore sentencing on the four counts was improper.

The defendant cites the case of State v. Hoffman, 78 Ariz. 319, 279 P.2d 898 (1955) and contends it is directly in point. In that case two counts of selling assets with intent to defraud referred to different kinds of the same product (red and pink salmon) sold in one transaction to the same buyer at the same time and place. There our Court held that the two counts constituted only one offense, rather than two, and that conviction on the two, as separate offenses, was improper. That is not the case herein where we have four separate acts of kidnapping even though closely related in time. The situation might be different in this case if the defendant had been charged with two counts of kidnapping, one under § 13–491 and one under § 13–492 A.R.S. as to one victim. § 13–1641 A.R.S. does provide that where one act is "punishable in different ways by different sections of the law" it may be punished under either section but not by both. In our present case we have four separate acts or offenses committed against four separate victims and the defendant is being charged as to each separate offense against them.

In a case wherein three persons were killed as the result of an automobile accident, the defendant was convicted of manslaughter by automobile and given three consecutive sentences because the killing of three different human beings constituted three separate offenses. The Court of Appeals stated:

> "Respect for human dignity is of the essence of our way of life. Certainly it is in keeping with this spirit that the wrongful killing of each human being should be treated as a separate offense." State v. Miranda, 3 Ariz.App. 550, 558, 416 P.2d 444, 452 (1966).

We agree that our law does not require us to ignore the number of victims of defendant's actions in determining the number of offenses committed by the defendant any more than it requires us to ignore the number of separate offenses committed against one victim. State v. Berryman, 106 Ariz. 290, 475 P.2d 472 (1970); State v. Parra, 10 Ariz.App. 427, 459 P.2d 344 (1969); and State v. Harvey, 98 Ariz. 70, 402 P.2d 17 (1965).

■ Sentencing of the defendant on each of the four counts then was proper. The fact that the sentences were consecutive does not make them improper as long as each sentence was within the limits of the statute. It has been resolved in this State many times that consecutive sentences on more than one count of an information are legal and within the sound discretion of the trial judge. Rule 339, Rules of Criminal Procedure, 17 A.R.S.; Bidgood v. State ex rel. Eyman, 6 Ariz.App. 314, 432 P.2d 280 (1967); State ex rel. Jones v. Superior Court, 78 Ariz. 367, 280 P.2d 691 (1955); and State v. Voeckell, 69 Ariz. 145, 210 P.2d 972 (1949).

## WAS DEFENDANT PLACED IN DOUBLE JEOPARDY?

■ Defendant contends that § 13–145 A.R.S. applies to this case. The statute reads as follows:

> "§ 13–145. Former jeopardy or acquittal as bar to same or lesser offenses
>
> "When the defendant is convicted or acquitted, or has once been placed in jeopardy upon an indictment or information, the conviction, acquittal or jeopardy is a bar to another indictment or information for the offense charged in either, or for an attempt to commit the offense, or for any offense necessarily included therein, of which he might have been convicted under the indictment or information."

Defendant contends that because this was one offense, defendant is being placed in double jeopardy by being convicted of four counts of kidnapping which he contends is only one. We have previously concluded in this opinion that we are dealing with not one offense but four and therefore this argument must fail.

Neither can defendant find any solace in the recent United States Supreme Court case of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The Ashe case held that the federal law regarding collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. That case in describing collateral estoppel stated:

> "It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Supra at 443, 90 S.Ct. at 1194.

But the Court further stated:

> "The question is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of the six poker players. It is not whether he could have received a total of six punishments if he had been convicted in a single trial of robbing the six victims. It is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again. After the first jury had acquitted the pe-

titioner of robbing Knight, Missouri certainly could not have brought him to trial again upon that charge." Ashe v. Swenson at 446, 90 S.Ct. at 1195.

Judgments affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.