486 P.2d 789

STATE of Arizona, Appellee,

v.

Henry FOGGY, Appellant.

No. 1621–2.

Supreme Court of Arizona,
In Banc.

July 9, 1971.

Rehearing Denied Sept. 17, 1971.

Gary K. Nelson, Atty. Gen., Phoenix, for appellee.

Denzil G. Tyler, Winslow, Davis & Flake, by Jay V. Flake, Show Low, for appellant.

UDALL, Justice:

This matter is before us on an appeal taken by defendant from the trial court's failure to grant defendant's application for change of judge and denial of defendant's motion to have the information amended. Both the application for change of judge and the motion to amend the information were made after conviction, appeal from conviction and this Court's order of April 8, 1969, "setting aside sentence * * * and directing the Superior Court of Navajo County to resentence Defendant in accordance with Ard v. State, 102 Ariz. 221, 427 P.2d 913."

Briefly stated, the facts are as follows: the defendant was charged by information with the first-degree murder of one Robert Robinson. He was tried by jury and on the 15th day of May, 1965, he was found to be guilty of murder in the second degree. Thereafter, defendant was sentenced to life imprisonment in the State Prison at Florence. An appeal was taken to this Court and on November 30, 1966, the conviction and sentence were affirmed. See State v. Foggy, 101 Ariz. 459, 420 P.2d 934 (1966).

Subsequent thereto, this case was again brought before this Court, No. H–147–2, on the grounds that the fixed or determinate sentence of life imprisonment, as imposed, was unauthorized. We found de-

fendant's contention to be meritorious and ruled in his favor, entering an order setting aside sentence and directing the trial court to resentence defendant in accordance with Ard v. State, supra.

On April 18, 1969, defendant, represented by counsel, was taken before the Superior Court, at which time he filed several motions (Motion for Inquiry into Mitigating Circumstances and a Motion to Amend the Information) and an application for change of judge, which was referred to as a "Motion, Alleging Bias and Prejudice on the part of the trial judge." This latter motion was denied. At the conclusion of the hearing in mitigation of punishment the court amended the information as requested, except that it refused to delete the words "deliberately, maliciously, and with premeditation."

The defendant-appellant has presented two questions on appeal:

(1) "WAS IT NOT ERROR FOR THE COURT TO SUMMARILY DENY DEFENDANT'S APPLICATION FOR CHANGE OF JUDGE * * *?"

▆ It is defendant's contention that the trial judge erred in not granting defendant's motion for change of judge. The basis for filing the affidavit of bias and prejudice was, in the defendant's own words: "The reason for this motion is that the court imposed an illegal sentence on the defendant." This statement was made in reference to our order of April 8, 1969, finding the original sentence to have been improper, remanding defendant back to the Superior Court for resentencing. In State v. Neil, 102 Ariz. 110, 425 P.2d 842 (1967), a somewhat similar contention was advanced by that defendant. There, the affidavit was based on the ground that the reversal of the prior trial would tend to result in bias and prejudice on the part of the presiding judge. This Court held that no error was committed in denying the application for change of judge since such reason, standing alone, was insufficient to establish bias and prejudice. See also State v. Neil, 4 Ariz.App. 258, 419 P.2d

388 (1966). It is noteworthy that on appeal no allegation has been made that the trial judge, during resentencing, displayed any form of bias, prejudice or hostility. It appears, in light of defendant's prior conviction for rape (July 26, 1955) and his present conviction for second-degree murder, that the trial judge was, in fact, extremely lenient in sentencing defendant to serve a minimum sentence of eleven years, to begin as of the date of defendant's original incarceration.

Defendant's argument is baseless for still another reason. His motion for change of judge was not timely made. Rule 199, Rules of Criminal Procedure, 17 A.R.S., provides that:

"The application for change of judge shall be made at least three days before the date the action is called for trial, unless the disqualifications were not known before the three-day period, in which event such fact shall be set forth in the affidavit of disqualification."

▆ In the case at bar, the application or motion for change of judge was not made until after defendant had already been tried, convicted and sentenced, although the latter was done improperly. Such action, clearly, was not timely. The rule as to timeliness of such applications is that once the trial judge is allowed to receive evidence which is to be used and weighed in deciding the ultimate issues, it is too late to disqualify the trial judge on grounds of bias and prejudice as a matter of right. Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721 (1955); State v. Quintana, 92 Ariz. 308, 376 P.2d 773 (1962). The trial court properly denied defendant's application for change of judge.

(2) "SHOULD NOT THE COURT HAVE GRANTED THE DEFENDANT'S MOTION TO HAVE THE INFORMATION AMENDED TO STATE THE PARTICULARS OF THE OFFENSE PROVED?"

▆ It is the State's contention that the amendments, as ordered by the trial court,

substantially accomplished what defendant had requested. We agree: it is patently clear from the face of the amended information that the defendant's proposed amendments were considered by the court and all of defendant's requested amendments, but one, were granted. Since the transactions which made up the crime for which the defendant was convicted are clear from the record, this contention is wholly without merit. State v. Hankey, 98 Ariz. 104, 402 P.2d 418 (1965).

Judgment affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J. and LOCKWOOD and CAMERON, JJ., concur.