Clement **JOHNSON**, Petitioner-Appellant,

v.

**STATE OF ARIZONA** and Frank A. Eyman, Warden, Arizona State Prison, Respondent-Appellee.

No. 71–1720.

United States Court of Appeals, Ninth Circuit.

July 12, 1972.

Clement Johnson, in pro. per.

Gary K. Nelson, Atty. Gen., William Dixon, Asst. Atty. Gen., Phoenix, Ariz., for respondent-appellee.

Before KOELSCH, DUNIWAY and TRASK, Circuit Judges.

TRASK, Circuit Judge:

This appeal is from the district court's denial of appellant's petition for writ of habeas corpus, without a hearing. The district court's habeas jurisdiction was predicated upon 28 U.S.C. § 2241; this court has jurisdiction over the appeal pursuant to 28 U.S.C. § 2253, a certificate of probable cause having issued.

On January 22, 1952, appellant was charged with assault with intent to commit rape, and on February 15, 1952, he pleaded guilty to that charge. He was initially sentenced to prison for nine-to-fourteen years, but upon application of the State's attorney, the sentencing court enhanced his sentence to life imprisonment on the basis of prior convictions.

On May 18, 1967, the Arizona Supreme Court decided the case of Ard v. State ex rel. Superior Court, 102 Ariz. 221, 427 P.2d 913, holding that determinate sentences, including life sentences, violate the "indeterminate sentence policy" of Ariz. Penal Code § 13–1643.

Appellant thereupon sought to have his life sentence set aside and a new sentence imposed. The Arizona Supreme Court denied his petition for writ of habeas corpus, so appellant filed his petition for the writ in federal district court, arguing that he had been denied equal protection by the action of the Arizona Supreme Court. He claimed that Ard had been applied retroactively before, and that the Fourteenth Amendment Equal Protection Clause required that it be applied retroactively to him as well.

In the proceedings before the district court, the appellant brought to the attention of that court proceedings in the case of State v. Foggy, 101 Ariz. 459, 420 P.2d 934 (1966), cert. denied, 386 U.S. 1025, 87 S.Ct. 1386, 18 L.Ed.2d 468, rehearing denied, 387 U.S. 938, 87 S.Ct. 2060, 18 L.Ed.2d 1008 (1967), which would indicate that Ard v. State, *supra*, was to be applied retroactively, although it had not been so applied as to appellant. The response of the State was:

"After a thorough analysis of the issue under *Ard, Foggy*, and Clement Johnson, Petitioner here, it is difficult for one to conclude that Foggy v. Eyman, April 8, 1969, Order No. H–147–2 isn't applying *Ard* retroactively. It's difficult to bluntly conclude that *Ard* is to be applied retroactively as far back as March, 1952. All we can state here, without further clarification on the present issue, is that the Arizona Supreme Court has chosen to apply *Ard* retroactively to *Foggy's* 1966 appeal. If the court wishes to apply *Ard* retroactively to all earlier cases is unclear at this time." [1]

The district court noted that the appellant had been denied post-conviction relief on the basis of *Ard* after Foggy was granted relief thereunder. It concluded therefrom that the State court did not intend a "pure retroactive" application of *Ard*. On the basis of our decision in Benson v. Carter, 396 F.2d 319, 323 (9th Cir. 1968), cert. denied, 393 U.S. 1080, 89 S.Ct. 852, 21 L.Ed.2d 773, rehearing denied, 394 U.S. 994, 89 S.Ct. 1451, 22 L.Ed.2d 772 (1969), holding that State rules of retroactivity do not raise federal constitutional questions, further relief to petitioner was denied.

The district court is correct in stating that ordinarily matters of rules of sentencing adopted by the State courts do not raise constitutional issues which may be reached by habeas pro-

---

1. Actually, proceedings in *Foggy* did not become final until May 29, 1967. State v. Foggy, 387 U.S. 938, 87 S.Ct. 2060, 18 L.Ed.2d 1008 (1967), denying rehearing of the order denying certiorari, 386 U.S. 1025, 87 S.Ct. 1386, 18 L.Ed.2d 468 (1967). This was subsequent to the decision of the State Supreme Court in *Ard*, which was May 18, 1967.

ceedings. Adams v. Eyman, 418 F.2d 911 (9th Cir. 1969). Here, however, the question raised by the response on behalf of the State is whether there is *any* rule with respect to the retroactivity of *Ard.*

 Decisions involving changes in the law may be applied completely retroactively, limitedly retroactively, or purely prospectively. *E. g.,* Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971); Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed. 2d 601 (1965).

However, if the application chosen does not have some rational basis, announced with reasonable precision, so that the rule may be generally known and its results forecast, it will offend the Equal Protection Clause of the Fourteenth Amendment. Justice must be even-handed. *See* Reed v. Reed, 404 U.S. 71, 75–76, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). Here, it is unclear whether a classification has been made, and also unclear what its basis may be. If the court will look back one year or five years to grant relief, why is it that it does not look back fifteen?

The appellant has brought to the attention of the court in his brief, eight instances of determinate sentences, fixed prior to the date of *Ard,* having subsequently been vacated for resentencing. The State filed no brief in this court in response to appellant's brief; there was, therefore, no denial of these apparently retroactive applications of *Ard.* In view of these cases, it would appear that *Ard*

has been applied retroactively in some cases, but not in appellant's.[2]

 This case is, therefore, remanded to the district court, with directions to hold the case for a period of 45 days, in order to give the State court an opportunity to consider it in the light of the retroactivity of Ard v. State, *supra,* as applied to State v. Foggy, *supra;* Garcia v. Eyman, No. H–541 (Ariz.Sup. Ct. order, June 8, 1971); Lee v. Eyman, No. H–80–2 (Ariz.Sup.Ct. order, Oct. 15, 1968); and any other similar cases. If not so reconsidered within 45 days, the writ shall issue.

---

2. The district court points out in its opinion that appellant was in fact resentenced; but that resentencing was after notice of prior convictions, and the sentence imposed was of the fixed life term held invalid under *Ard.*