James **BURCHETT**, Appellant,

v.

Harold J. **CARDWELL**, Warden, Arizona State Penitentiary, Appellee.

No. 72–2685.

United States Court of Appeals, Ninth Circuit.

Feb. 25, 1974.

3. Appellant and appellee apparently miscalculated the time in their briefs.

Paul G. Ulrich (argued), of Lewis & Roca, Phoenix, Ariz., for appellant.

William J. Schafer, III, Asst. Atty. Gen. (argued), Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for appellee.

## OPINION

Before KOELSCH, DUNIWAY and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

·This is an appeal from the denial of appellant's habeas corpus petition in which he charged that his pleas of guilty to: (1) assault with intent to commit rape, and (2) kidnapping and statutory rape in the state court of Arizona[1] were unconstitutionally induced by: (a) coercion of police while appellant was mentally unbalanced; and, (b) ineffective assistance of counsel, both of which combined under a totality of circumstances to render the guilty pleas involuntary.

At the outset, the appellant is faced with the now well established legal precept that when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense of which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty pleas. A defendant may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). See Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

1. State v. Burchett, 107 Ariz. 185, 484 P.2d 181 (1971).

**494**

The district court, after an exhaustive hearing, rejected each of appellant's factual claims, and found that the plea was voluntary and that appellant had effective assistance of counsel. Our examination of the record convinces us of the correctness of the district court's findings. In these circumstances, the lower court's findings must control. Pine v. Estelle, 470 F.2d 721, 722 (CA9 1972); Albrecht v. Nelson, 462 F.2d 623 (CA9 1972); Moss v. Craven, 427 F.2d 139 (CA9 1970). The facts are such that their recital would add nothing to the validity of our conclusions.

There is no similarity between the record before us and the factual pattern presented in Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966), relied upon by appellant, where the police activity included: (1) repeated police interrogation without outside advice for sixteen days; (2) a low nutrition diet; (3) forcing the accused at 5:00 A.M. to retrace his whereabouts on the night of the crime; and (4) other subtlety deceptive police tactics, all of which led to a confession. No such police activity appears in this record.

Additionally, appellant claims: (1) that Arizona Revised Statute § 13–492(C), as construed and represented to appellant at the time of his decision to enter a plea of guilty, placed an unconstitutional taint on the legislation, and (2) that the construction of the same statute by the supreme court of Arizona so as to permit a sentencing judge to impose a sentence of life imprisonment for kidnapping was in direct conflict with the sentencing requirements of Arizona Revised Statute § 13–1643.

Even conceding, which we do not, that Arizona Revised Statute § 13–492(C), presents constitutional problems under the teaching of United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), the issue cannot be raised where a plea of guilty is voluntarily made with the assistance of effective counsel. Parker v. North Carolina,

397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). We additionally find no constitutional error in the supreme court of Arizona's construction of Arizona Revised Statute § 13–492(C), which would allow the trial court to impose a life sentence.

State v. Bennin, 107 Ariz. 1, 480 P.2d 651 (1971); State v. Wheatley, 106 Ariz. 524, 479 P.2d 409 (1971); and State v. Burchett, supra, dispose of appellant's second point. Appellant's reliance on Ard v. State, 102 Ariz. 221, 427 P.2d 913 (1967), and State v. Foggy, 101 Ariz. 459, 420 P.2d 934 (1967), is entirely misplaced. Simply stated, the law of Ard is that in the absence of statutory authority, the imposition of the life sentence is improper in jurisdictions having a mandatory indeterminate sentence law. The statute under which appellant was prosecuted, Arizona Revised Statute § 13–492(C), specifically requires the imposition of the life sentence. See State v. Burchett, supra. Despite appellant's argument to the contrary, Johnson v. Arizona, 462 F.2d 1352 (CA9 1972), is not in point. There, we held that the Arizona courts might have denied appellant the equal protection of Arizona law by the manner in which they applied the results of the decisions in Ard, supra, and Foggy, supra. Appellant points to no similar treatment of defendants sentenced under § 13–492(C).

Moreover, it was within the trial court's power to sentence appellant to consecutive life terms. State v. Burchett, supra; State v. Bennin, supra; and State v. Wheatley, supra.

Finally, appellant argues that he was denied due process because only three of the five justices of the Arizona Supreme Court heard the oral arguments on appeal. Appellant cites no authority in support of his contention, nor is support revealed by our extensive research. Closely in point, however, is our decision in Dredge Corp. v. Penny, 338 F.2d 456 (CA9 1964), where we held that the opportunity to be heard orally

on questions of law is not an inherent element of procedural due process, even where substantial questions of law are involved.

Finding no error, we affirm the judgment of the lower court.