526 P.2d 392

**The STATE of Arizona, Appellee,**

v.

**Elijah Dewayne SMITH and Albert Lavelle Smith, Appellants.**

**No. 2897.**

Supreme Court of Arizona,

In Banc.

Sept. 20, 1974.

Gary K. Nelson, Former Atty. Gen., N. Warner Lee, Atty. Gen., Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, Frederick S. Klein and Charles J. Babbitt, Asst. Public Defenders, Tucson, for appellants.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment of guilt as to both defendants to the crime of armed robbery, §§ 13–641 and 13–643(B) A.R.S., and a sentence as to each defendant of not less than fifteen nor more than thirty years in the state prison.

Pleas of guilty were entered as a result of a plea bargain in which counts of armed burglary, attempted armed robbery, and armed robbery were dismissed. The defendants each raised three questions on appeal:

1. Did the trial court err in refusing the defendants a second peremptory challenge of judge?

2. Did the trial court in the 23 November 1973 hearing unduly restrict the scope of examination and err in the test applied to the scope of examination with regard to an application for a change of judge for cause?

3. Was the sentence imposed under the circumstances in this case so excessive that it should be modified pursuant to § 13–1717(B) A. R.S.?

The facts necessary for a determination of this matter on appeal are as follows. Each of the defendants was charged by information (# A–23974) with one count of armed robbery and one count of armed burglary, and by indictment (# A–23983) with one count of armed robbery and one count of attempted armed robbery.

On 25 September 1973 an application for change of judge was filed in both cases, Nos. 23983 and 23974. The application was directed to the Honorable J. Richard Hannah and was signed by both defendants, Albert Lavelle Smith and Elijah Dewayne Smith, as well as by their attorney as to the good faith of the affidavit. A change of judge was granted and on the same day, a change of plea hearing was held before the new judge, the Honorable Ben C. Birdsall. At that time the other charges were dismissed and defendant's attorney also indicated that as a part of the plea bargain defendants would waive extradition to other states having pending charges against them. Prior to sentencing, the court received presentence reports from the Adult Probation Department concerning each defendant. These presentence reports were made available to the attorney for the defendants. However, unknown to the defendants' attorney, the court also received presentence reports from a psychologist and director of the Pima County Court Clinic. The trial court, on 11 October 1973, sentenced the two defendants to twenty-five to fifty years in the state prison. On 19 October 1973, a motion to vacate and reconsider each of the defendant's sentences was filed in the Superior Court. The motion was based upon the fact that defense counsel had not been furnished with copies of the Pima County Court Clinic's psychological evaluations of the defendants which were included in the presentence reports furnished by the sentencing court, but not to defendants or their attorney, and further that the defense counsel had never been advised that the defendants had been examined by the court clinic. On 30 October 1973 Judge Birdsall vacated the sentences and ordered that the defendants be returned from the Arizona State Prison to the Pima County Jail.

Following their return to the Pima County Jail, the defendants were examined by David B. Gurland, a psychiatrist in private practice, and Phillip Balch, a clinical psychologist and Assistant Professor of Psychology at the University of Arizona. Each of the examiners was furnished with defendants' presentence reports and submitted their own reports to court and counsel.

On 13 November 1973 an application for change of judge was also filed by the defendants seeking a change of judge from the Honorable Ben C. Birdsall who had imposed the original sentence of twenty-five to fifty years. The application alleged that a fair and impartial proceeding could not be had before Judge Birdsall and that "Judge Birdsall, because of his previous contact with the case and prior decisions regarding the sentences to be imposed will not be able to view the evidence to be introduced at a sentencing objectively and impartially." On 15 November 1973 a hearing was held before Judge Birdsall regarding the application for change of judge. Defense counsel asked that this be treated as peremptory challenge. Judge Birdsall agreed and indicated that he would assign the case to the Honorable J. Richard Hannah. Defense counsel then objected pointing out that Judge Hannah had already been removed from the case and therefore it should go to another judge. Judge Birdsall indicated that he had been unaware that prior application for change of judge had been made, set aside its order for the assignment of the case, treated the application as a change of judge for cause, and set the application before the Honorable Alice Truman for hearing. Judge Truman, after hearing the matter, refused to grant the change of judge and the matter was transferred back to Judge Birdsall who imposed a sentence of not less than fifteen nor more than thirty years in the Arizona State Prison. From said sentence the defendants appeal.

## REFUSAL TO ALLOW SECOND PEREMPTORY CHALLENGE

In the instant case, both defendants peremptorily removed Judge Hannah as provided by the Rules of Criminal Procedure governing this case. Rule 198, Ari-

zona Rules of Criminal Procedure 1956, 17 A.R.S. The rule stated as follows:

"Neither the state nor any defendant in the same action may make more than one application for change of judge."

Both defendants having signed the application for change of judge constituted a peremptory challenge as to both, and we hold that they had exhausted their right to peremptory challenge.

However, even if the defendants did have a right to a second peremptory challenge, it was not timely made. After the judge has entered a sentence and made decisions in the matter, he cannot be removed peremptorily. State v. Lopez, 110 Ariz. 198, 516 P.2d 571 (1973); State v. Foggy, 107 Ariz. 307, 486 P.2d 789 (1971). Judge Birdsall was correct in refusing to honor the peremptory challenge.

### UNDUE RESTRICTION OF THE SCOPE OF BIAS INQUIRY

 Hearing on the application of change for cause was held 23 November 1973 before the Honorable Alice Truman, Judge of the Superior Court. Judge Birdsall appeared and was examined as the sole witness. At that hearing the court ruled that the defense counsel was limited to showing bias and prejudice from those facts that the defendants became aware of subsequent to the time the judge heard other matters in the case. Judge Birdsall testified that nothing had taken place in the case or happened since his last ruling which would make it difficult or impossible or hard for him to be totally objective or impartial in the sentencing of the defendants.

Although the attorney for defendants attempted to ask Judge Birdsall questions concerning his general attitude toward Blacks, Judge Truman limited the questioning to grounds stated in the affidavit of challenge for cause, that is, his previous contact with the case and facts which became known to the defendants after Judge Birdsall's previous sentencing in the matter. The court stated:

"THE COURT: It has to be something subsequent to the time. It is my understanding of the law that you have to show facts only that you became aware of subsequent to the time of his having heard other matters in the case, otherwise it is not good, and all these other things are immaterial, and I'm going to sustain the objection."

At the conclusion the court asked Judge Birdsall:

"THE COURT: I have just one question.

Do you feel that there is anything that has taken place in this case or has happened since your last ruling that would make it difficult or impossible or hard for you to be totally objective and impartial in sentencing these two defendants?

"THE WITNESS: No, Ma'am."

A reading of the transcript indicates to us that Judge Truman was correct in denying the application for disqualification of judge for cause and we find no error.

### EXCESSIVE SENTENCE

Section 13–1717(B) states:

"Upon an appeal from the judgment or from the sentence on the ground that it is excessive, the court shall have the power to reduce the extent or duration of the punishment imposed, if, in its opinion, the conviction is proper, but the punishment imposed is greater than under the circumstances of the case ought to be inflicted. In such a case, the supreme court shall impose any legal sentence, not more severe than that originally imposed, which in its opinion is proper. Such sentence shall be enforced by the court from which the appeal was taken."

 We have repeatedly stated that the court will not disturb a sentence of the trial court unless the trial court has clearly abused its discretion. State v. Fischer, 108 Ariz. 325, 498 P.2d 147 (1972); State v.

Carpenter, 105 Ariz. 504, 467 P.2d 749 (1970).

Defendants' attorney contends, however, that the trial court abused its discretion as to both of these defendants. We consider the question as to each defendant separately.

## ELIJAH DEWAYNE SMITH

As to Elijah Dewayne Smith, defense attorney places heavy emphasis upon the report of the psychiatrist. Elijah Smith at the time of the sentence was 23, the oldest of eight children. He dropped out of high school his senior year for economic reasons but later took classes at New Mexico Highlands University where he obtained credentials as an acquatic skills instructor. In an effort to pay off legal expenses incurred by the codefendant Albert in a manslaughter case, Elijah resorted to a series of robberies out of which this case arises. Elijah's only prior conviction was for burglary, apparently when he was a senior in high school.

Although both Dr. Balch and Dr. Gurland recommended leniency, we do not believe that the trial court abused its discretion in sentencing the defendant Elijah Dewayne Smith to fifteen to thirty years in the Arizona State Prison.

## ALBERT DAVELLE SMITH

Albert Smith was 21 years old. At the age of 17 he joined the Army rather than face a jail sentence for burglary; he was involved with drugs while in the Army and received a general discharge. After leaving the Army, he was convicted of manslaughter, served six months in the County Jail and five years' probation.

A reading of the presentence report in the file as well as the report of the psychologist and the nature of the crime indicate that the court did not abuse its discretion in sentencing the defendant Albert Smith.

As to Elijah Dewayne Smith, judgment of guilt and sentence thereon is affirmed.

As to Albert Davelle Smith, judgment and sentence thereon is affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.