NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RAYMOND JOSE BARELA, *Petitioner*.

No. 1 CA-CR 15-0276 PRPC
FILED 3-23-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-113961-001
The Honorable Peter C. Reinstein, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Raymond Jose Barela, Douglas
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which
Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

---

**M c M U R D I E**, Judge:

¶1          Petitioner Raymond Jose Barela ("Barela") petitions this court
for review from the summary dismissal of his petition for post-conviction
relief of-right. Barela pled guilty to two counts of manslaughter and the
superior court sentenced him to two consecutive terms of 10.5 years'
imprisonment under the plea agreement.

¶2          Barela was indicted on two counts of manslaughter and one
count of aggravated assault. The State alleged that Barela's actions caused
the death of two victims supporting the manslaughter charges. All three
counts were alleged to be dangerous, and the State filed an allegation that
the offenses were committed while Barela was on release in a separate cause
number, and had prior historical convictions.

¶3          After the superior court sentenced Barela according to the
terms of his plea agreement, Barela filed a notice of post-conviction relief.
The superior court appointed counsel to represent Barela. Counsel
reviewed the record and determined that there were no arguable issues to
present. Barela was given the opportunity to file a *pro se* petition, and he
did so. In his *pro se* petition, Barela argued: (1) his convictions violated the
prohibition against double jeopardy and his indictment was multiplicitous
and (2) that his trial attorney was ineffective for not raising the issue that
Barela suffers from a sleeping disorder. The superior court denied the
petition.

¶4          We deny relief because a plea agreement waives all non-
jurisdictional defenses, errors, and defects which occurred prior to the plea.
*State v. Moreno*, 134 Ariz. 199, 203 (App. 1982). The waiver of non-
jurisdictional defects includes deprivations of constitutional rights. *Tollett
v. Henderson*, 411 U.S. 258, 265 (1973). Moreover, Barela's double jeopardy
and multiplicity claims are without merit as the crimes are for the death of
two separate victims. *See State v. Bennin*, 107 Ariz. 1, 3 (1971) (where
defendant's acts relate to separate victims, defendant was not placed in
double jeopardy because of multiple convictions for each victim).

**¶5**         Barela also argues his trial counsel was ineffective due to the investigators' failure to advise him of his rights pursuant to *Miranda v. Arizona*, and the superior court should have ordered testing to determine if Barela had a sleep disorder that caused the accident rather than his methamphetamine use. 384 U.S. 436 (1966). We deny relief on these issues as well because Barela did not raise them in the petition for post-conviction relief he filed below.[1] A petition for review may not present issues not first presented to the trial court. *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577–78 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii). *See also State v. Swoopes*, 216 Ariz. 390, 403, ¶ 41 (App. 2007); *State v. Smith*, 184 Ariz. 456, 459 (1996) (both holding there is no review for fundamental error in a post-conviction relief proceeding).

**¶6**         Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1]         Barela presented a different claim of ineffective assistance below.