IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RAMONE DEVITT TRAMMELL, *Appellant*.

No. 1 CA-CR 17-0265
FILED 11-27-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-102423-001
The Honorable Alfred M. Fenzel, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B. N. Garcia
*Counsel for Appellee*

The Heath Law Firm PLLC, Mesa
By Mark Heath
*Counsel for Appellant*

**OPINION**

Judge Maria Elena Cruz delivered the opinion of the Court, in which
Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

**C R U Z**, Judge:

¶1 Ramone Devitt Trammell appeals his convictions and sentences for crimes including possession of narcotic drugs. He argues the superior court erred by instructing the jury on a lesser-included offense. We hold that when a defendant asserts an entrapment defense, the court may grant the State's request for a lesser-included jury instruction if the crime is a lesser-included offense and the evidence is sufficient for a reasonable jury to find that only the lesser offense has been proved. Because those circumstances are present here, the convictions and sentences are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2 Trammell was charged with five crimes involving the sale or transportation of narcotic drugs to undercover detectives. As an affirmative defense, Trammell admitted he knowingly sold narcotic drugs, but argued the sales resulted from entrapment by the government. Ariz. Rev. Stat. ("A.R.S.") § 13-206(A). Over Trammell's objection, the court instructed the jury it could find him guilty on the lesser-included offense of possession of a narcotic drug. The jury found him guilty of one count of possession of a narcotic drug and four counts of sale of narcotic drugs. He was sentenced to concurrent sentences amounting to 17.75 years' imprisonment.

¶3 Trammell timely appealed his convictions and sentences. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶4 Although Trammell objected to the lesser-included jury instruction at trial, he did not specify the ground of his objection. *See State v. Toney*, 113 Ariz. 404, 408 (1976). For that reason, we review for fundamental error. *State v. Moody*, 208 Ariz. 424, 455, ¶ 120 (2004). To prevail on appeal, he must show that the superior court committed fundamental error and that the error caused him prejudice. *State v. Escalante*, 245 Ariz. 135, 140-42, ¶¶ 16-21 (2018) (clarifying fundamental error review). Trammell concedes the jury instruction was not material to

---

[1] We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013) (citation omitted).

his convictions for sale of a narcotic drug. Therefore, we review only the conviction for simple possession of a narcotic drug, count one.

¶5  Generally, the court may instruct the jury on a necessarily included offense "when [the crime] is lesser included *and* the evidence is sufficient to support giving the instruction." *State v. Wall*, 212 Ariz. 1, 3, ¶ 14 (2006). The evidence is sufficient when the jury could reasonably find that only the lesser offense has been proved. *Id.*

¶6  An exception to the general rule regarding lesser-included offenses applies when a criminal defendant asserts an entrapment defense. First, to assert an entrapment defense, the defendant must admit all elements of the offense charged. A.R.S. § 13-206(A); *State v. Soule*, 168 Ariz. 134, 135 (1991) (citing *State v. Nilsen*, 134 Ariz. 431 (1983)). Once admitted, a defendant may not then negate any of the elements of the offense by advancing the inconsistent theory of having committed some lesser offense instead. *Soule*, 168 Ariz. at 137. The principle that a defendant may not assert inconsistent defenses has stood firm in the twenty-seven years since the *Soule* court reasoned that to allow otherwise would foster perjury by the defendant and may result in jury confusion. *Id.* at 136-37; *see also State v. Gray*, 239 Ariz. 475, 478, ¶ 11 (2016). We do not contradict that sound reasoning today.

¶7  This principle does not, however, bar the *State* from asking for a lesser-included offense instruction when the defense asserts entrapment. The State is in a much different position than a defendant. The State has the burden of proving the elements of the offense, and it may argue to the jury without inconsistency that the defendant is guilty of a greater offense but, if proof of a particular element somehow fails, that he is nevertheless guilty of a lesser offense. This position does not carry the same risk of perjury or confusion that would result, as discussed in *Soule*, from a defendant's simultaneous argument of entrapment on a greater offense but guilt on the lesser offense because he did not commit the greater offense. Moreover, prohibiting the State from seeking a lesser-included offense when a defendant chooses entrapment as an affirmative defense would improperly transfer the charging decision from the State to the defendant. By rule, any charge in an indictment encompasses "all necessarily included offenses." Ariz. R. Crim. P. 13.1(e). Defendants cannot use the selection of a defense to determine which offenses the State may press.

¶8  Citing *State v. Altman*, Trammel argues the superior court erred by instructing the jury on the lesser-included offense because his admissions conclusively proved the elements of the greater crime. 107 Ariz.

93 (1971). *Altman* affirmed the denial of a lesser-included offense instruction sought by a defendant who had alleged entrapment as a defense. *Id.* at 96. The court reasoned that in such a case, the jury necessarily could not conclude that the State had failed to prove the greater and convict on the lesser: "If the jury believed that entrapment occurred they would be required to acquit appellant; however, if they did not believe the defense of entrapment then they would be required to convict of the crime charged." *Id.*

¶9        We decline to apply that reasoning to a conviction obtained after the State sought the lesser-included offense instruction. As noted, any charge in an indictment or information is "a charge of that offense and all necessarily included offenses." Ariz. R. Crim. P. 13.1(e). No logic supports the notion that a defendant has the power to limit the State's discretion to pursue a lesser-included offense by choosing to assert entrapment. Moreover, notwithstanding *Altman*'s reasoning, as the finder of fact, a jury is free to weigh and assess witness credibility, which includes a testifying defendant's motivation. *See, e.g.*, *State v. Clemons*, 110 Ariz. 555, 556-57 (1974) (citations omitted) ("No rule is better established than that the credibility of the witnesses and the weight and value to be given to their testimony are questions exclusively for the jury."). Indeed, in *Clemons*, our supreme court affirmed the conviction of a defendant who alleged entrapment as a defense to attempted sale of drugs. *Id.* at 557-58. The defendant argued that his account of facts constituting entrapment was undisputed, but the court held the defendant's credibility was for the jury to decide: "The jury had the right to disbelieve the whole of appellant's testimony or believe in part and disbelieve in part." *Id.* at 557.

¶10        By the same token, the jury was free to accept all of Trammell's admission, or part of it, or none of it. *Id.*; *see also State v. Ruiz*, 236 Ariz. 317, 323, ¶ 16 (App. 2014). Possession of narcotic drugs is a lesser-included offense of sale of narcotic drugs. *See State v. Cheramie*, 218 Ariz. 447, 449, ¶ 11 (2008). Under the evidence presented, a reasonable jury could find that while Trammell was entrapped into selling narcotic drugs to the undercover officer—and therefore not criminally liable for that offense—he was nonetheless guilty of simple possession of narcotic drugs because his possession of the drugs before the sale was not the result of any police interaction.

¶11        We hold that when there is evidence of possession of drugs independent of any entrapment conduct, and the State so requests, the court may instruct the jury on the lesser-included offense. Accordingly, the court did not err, let alone fundamentally err, in instructing the jury.

## CONCLUSION

¶12      Trammell's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA