NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MATTHEW AARON MEINER, *Appellant.*

No. 1 CA-CR 18-0326
FILED 7-30-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-002182-001
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Sharmila Roy, Attorney at Law, Laveen
By Sharmila Roy
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

**C R U Z**, Judge:

¶1        Matthew Meiner appeals his convictions and sentences for second-degree murder, first-degree burglary, theft of means of transportation, third-degree burglary, and two counts of theft. After searching the entire record, Meiner's defense counsel identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this court to search the record for fundamental error. Meiner was granted an opportunity to file a supplemental brief *in propria persona* and did so. After reviewing the entire record, we reject the arguments raised in Meiner's supplemental brief and find no error. Accordingly, Meiner's convictions and sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        On December 15 and 16, 2015, Meiner helped the victim manufacture marijuana concentrate in a commercial space the victim and K.C. rented for this purpose.[1] On the afternoon of December 16, Meiner and the victim returned to the victim's home. At 4:51 p.m., the victim talked to his girlfriend on the phone. Approximately one hour later, Meiner presented to the hospital emergency room with superficial lacerations to his non-dominant left hand and right thigh.

¶3        Friends discovered the victim's body inside his blood-splattered home on December 21, 2015. The medical examiner later determined the victim had died from blood loss after being stabbed seventy-three times during a violent struggle. Twenty of those wounds were inflicted to the back of the victim's head, neck, and torso; others penetrated nearly every major organ and shattered the victim's skull.

---

[1]        "We view the facts in the light most favorable to sustaining the verdict[s]." *State v. Trammell*, 245 Ariz. 607, 608, ¶ 1 n.1 (App. 2018) (citing *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013)).

¶4 In the five days between the attack and the discovery of the body, Meiner sold or pawned expensive glassware, musical instruments, and a camera that had belonged to the victim, all for more than $2,000. Surveillance video showed Meiner driving the victim's car to the commercial space, hand now bandaged, and removing $10,000 worth of marijuana concentrate, most of which was never recovered. And Meiner attended a Christmas party wearing an expensive glass pendant that the victim had been wearing the day before his death. Meiner lied about the source of the injuries to his hand, told the victim's mother and friends the victim had left town, suggested to K.C. that the victim had stolen the marijuana concentrate, and feigned surprise when the victim's body was discovered.

¶5 The victim's car was later found abandoned nearby. Blood found on the car's steering wheel and in the victim's bathroom were later matched to Meiner through DNA testing. Police also found items belonging to the victim and missing from the commercial space at Meiner's girlfriend's home.

¶6 After an unsuccessful motion for judgment of acquittal, Meiner testified in his defense. Meiner admitted he stabbed the victim repeatedly with a knife on December 16, 2015 and then drove himself to the hospital in the victim's car. Although Meiner claimed he was acting in self-defense after the victim attacked him following a verbal disagreement, Meiner admitted the victim was unarmed for all but two of the seventy-three stab wounds. Instead of calling 9-1-1 after the victim collapsed, he covered the body with blankets, cleaned himself up in the bathroom of the victim's home, and sought medical care for his own superficial wounds. Meiner denied any intent to steal from the victim before his death, testifying instead that when he later found himself in possession of the victim's property, he sold it in a panic to raise funds for medical bills and legal fees.

¶7 The jury found Meiner guilty of second-degree murder, first-degree burglary of the victim's home, theft of the victim's personal property, theft of means of transportation, third-degree burglary of the commercial space, and theft of the marijuana concentrate. The jury also determined beyond a reasonable doubt that the murder was a dangerous offense committed in an especially cruel manner, and several of the remaining offenses were committed for pecuniary gain and caused physical, emotional, or financial harm to the victim's immediate family.

¶8 After considering the aggravating and mitigating circumstances, the superior court sentenced Meiner to the maximum term

of 25 years' imprisonment for second-degree murder, credited him with 870 days of presentence incarceration, and ordered the term to run consecutive to concurrent, presumptive terms of imprisonment on the remaining counts, the longest of which was 10.5 years. Meiner timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1),[2] 13-4031, and -4033(A).

## DISCUSSION

I. Substitution of Counsel

¶9 Within his supplemental brief, Meiner argues he was unconstitutionally deprived of conflict-free counsel when the superior court denied a pretrial motion to substitute counsel. We review the denial of a request for new counsel for an abuse of discretion. *State v. Cromwell*, 211 Ariz. 181, 186, ¶ 27 (2005) (citing *State v. Lee*, 142 Ariz. 210, 220 (1984)). When exercising that discretion, the court must "balance the rights and interests of the defendant against the public interest in judicial economy, efficiency and fairness" by considering the following factors:

> [w]hether an irreconcilable conflict exists between counsel and the accused, and whether new counsel would be confronted with the same conflict; the timing of the motion; inconvenience to witnesses; the time period already elapsed between the alleged offense and trial; the proclivity of the defendant to change counsel; and [the] quality of counsel.

*Id.* at 187, ¶ 31 (quoting *State v. LaGrand*, 152 Ariz. 483, 486-87 (1987), and citing *State v. Moody*, 192 Ariz. 505, 507, ¶ 11 (1998)).

¶10 Meiner complains, as he did below, that his defense counsel did not communicate effectively, adequately explain the defense strategy, or properly prepare for trial. These circumstances do not create an irreconcilable conflict. *See id.* at 186-87, ¶ 29 (citing *State v. Henry*, 189 Ariz. 542, 546-47 (1997)); *State v. Bible*, 175 Ariz. 549, 591 (1993). "A single allegation of lost confidence in counsel does not require the appointment of new counsel, and disagreements over defense strategies do not constitute an irreconcilable conflict." *Cromwell*, 211 Ariz. at 186, ¶ 29. Moreover, the record reflects the superior court considered the factors identified in *Cromwell*, including that: counsel was Meiner's second attorney, discovery was largely complete, counsel had provided Meiner with the discovery he

---

[2] Absent material changes from the relevant date, we cite the current version of rules and statutes.

was permitted while incarcerated, counsel had provided adequate representation, and nearly two years had elapsed since the offense occurred. Accordingly, we reject Meiner's suggestion that the court made only a "perfunctory inquiry" into the basis for his motion. And because each of these factors counsels against further substitution of counsel, and, on this record, we cannot say the court abused its discretion in denying Meiner's request for new counsel. *See id.*, 211 Ariz. at 187, ¶ 35.

II. Motion for Mistrial/Prosecutorial Misconduct

¶11 Meiner argues the superior court erred in denying a motion for mistrial made after the State impermissibly "besmirched [his] character by accusing him of theft at a previous place of employment" in violation of Arizona Rule of Evidence 404(b) (prohibiting the admission of "evidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith"). When a defendant moves for a mistrial based upon evidentiary concerns, we review the order for an abuse of discretion. *Bible*, 175 Ariz. at 598 (citing *State v. Koch*, 138 Ariz. 99, 101 (1983)). "This deferential standard of review applies because the trial judge is in the best position to evaluate 'the atmosphere of the trial, the manner in which the objectionable statement was made, and the possible effect it had on the jury and the trial.'" *Id.* (quoting *Koch*, 138 Ariz. at 101).

¶12 Meiner suggests, for the first time in his supplemental brief, that the references to his employment history also constitute a "campai[g]n of prosecutorial misconduct." To warrant reversal, "prosecutorial misconduct must be present, and a 'reasonable likelihood must exist that the misconduct could have affected the jury's verdict, thereby denying the defendant a fair trial.'" *State v. Acuna Valenzuela*, 245 Ariz. 197, 216, ¶ 66 (2018) (quoting *State v. Martinez*, 230 Ariz. 208, 214, ¶ 24 (2012)).

¶13 To support these arguments, Meiner relies on the following questions and answers posed to him by the prosecutor during cross-examination:

> Q: You also, on direct, did not tell us that you were fired from Ivy League, did you?
>
> A: I actually quit.
>
> Q: So you're telling us that you weren't fired because you were stealing product?
>
> A: No, that did not happen.

Q:     You weren't fired because you were selling stuff to customers at the store?

A:     No, that did not happen.

Q:     So if the owners said that, they would be lying?

A:     I remember it was Khaleb G[.]  I had tossed him my keys and told him I quit and walked out.

Q:     And that was after he caught you selling cannabis to customers, right?

A:     No ma'am.

¶14     In resolving Meiner's motion for mistrial, the superior court found that, even assuming that information regarding the circumstances of Meiner's departure from his prior employment was improperly admitted, those remarks were not likely to affect the jury's verdict.  Rather, the court found, "th[e] jury is more than probably going to hinge their verdicts . . . on the basis of witness testimony [from] more than two dozen witnesses, including the entire balance of Mr. Meiner's testimony, the expert witness testimony, and the hundreds of exhibits that the Court has admitted for the jury presentation."  Given the brevity of this exchange in the context of Meiner's lengthy testimony and the volume of other evidence submitted for the jury's consideration, we cannot say the court abused its discretion in reaching this conclusion.

¶15     Moreover, the jurors were instructed that the State's allegations "with respect to the alleged reasons for his departure from employment" did not have "any relevance to [its] determination of the charges against the defendant" and they were "not to consider those allegations for any purpose whatsoever."  We presume the jury followed the court's instructions and disregarded the evidence.  *See State v. Newell*, 212 Ariz. 389, 403, ¶ 68 (2006) (citing *State v. Ramirez*, 178 Ariz. 116, 127 (1994)).

¶16     In the absence of any effect on the jury's verdict, Meiner's claims fail.  Accordingly, we find no error.

III.    Fundamental Error Review

¶17     Further review reveals no fundamental error.  *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any

prejudicial error."). Although the record does not contain a presentence report, it is apparent the superior court ordered the report and considered it, as well as the mitigation information submitted by Meiner, in advance of the sentencing hearing. Under these circumstances, the absence of the presentence report in the appellate record does not amount to fundamental error. *See State v. Maese*, 27 Ariz. App. 379, 380 (1976); *see also* Ariz. R. Crim. P. 26.4(c) (requiring the presentence report to be "delivered to the sentencing judge and to all counsel" but not filed).

¶18 As relevant here, a person is guilty of second-degree murder if "without premeditation" the person either "intentionally causes the death of another person," or, "causes the death of another person . . . [via conduct he knows] will cause death or serious physical injury." A.R.S. § 13-1104(A)(1)-(2). A person commits burglary "by [e]ntering or remaining unlawfully in [a location] with the intent to commit any theft or any felony therein." A.R.S. §§ 13-1506(A)(1), -1507(A). Burglary is in the first degree if the person "knowingly possesses . . . a deadly weapon or a dangerous instrument in the course of committing [the] theft or . . . felony." A.R.S. § 13-1508(A). A dangerous weapon "means anything that under the circumstances in which it is used, attempted to be used or threatened to be used is readily capable of causing death or serious physical injury." A.R.S. § 13-105(12). Burglary is in the third degree if the location is a nonresidential structure. A.R.S. § 13-1506(A)(1). "A person commits theft if, without lawful authority, the person knowingly . . . [c]ontrols property of another with the intent to deprive the other person of such property." A.R.S. § 13-1802(A)(1). Theft is a class 5 felony if the property is valued between $2,000 and $3,000. A.R.S. § 13-1802(G). Finally, "[a] person commits theft of means of transportation if, without lawful authority, the person knowingly . . . [c]ontrols another person's means of transportation with the intent to permanently deprive the person of the means of transportation." A.R.S. § 13-1814(A)(1). The record contains sufficient evidence upon which a reasonable jury could determine beyond a reasonable doubt that Meiner was guilty of the crimes for which he was convicted.

¶19 All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Meiner was present for and represented by counsel at all stages of the proceedings. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct. *See* Ariz. Const. art. 2, § 23; A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a). The superior

court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Meiner's presumption of innocence. At sentencing, Meiner was given an opportunity to speak, and the court stated upon the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-702(A), (D), -710(A).

## CONCLUSION

**¶20** Meiner's convictions and sentences are affirmed.

**¶21** Defense counsel's obligations pertaining to Meiner's representation in this appeal have ended. Defense counsel need do no more than inform Meiner of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶22** Meiner has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the court's own motion, we also grant Meiner thirty days from the date of this decision to file an *in propria persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED: AA