NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

NOAH BEST, *Appellant*.

No. 1 CA-CR 19-0145
FILED 3-10-2020

Appeal from the Superior Court in Coconino County
No. S0300CR201601067
The Honorable Mark R. Moran, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Coconino Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Diane M. Johnsen[1] joined.

---

**J O N E S**, Judge:

**¶1**        Noah Best appeals his convictions and sentences for one count of sexual assault and three counts of obstruction of justice.  After searching the entire record, Best's defense counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Best was granted an opportunity to file a supplemental brief *in propria persona* and did so.  After reviewing the entire record, we reject the argument raised in the supplemental brief and find no error.  Accordingly, Best's convictions and sentences are affirmed.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        On November 17, 2016, the victim attended a social event with Best, her boss.[2]  After the event concluded, Best invited the victim and two of her coworkers to his home nearby, where they continued to consume alcohol and socialize.

**¶3**        Around 10:30 p.m., the victim's coworkers left Best's home, and Best repeatedly kissed her against her protests.  The victim locked

---

[1]        Judge Johnsen was a sitting member of this Court when the matter was assigned to this panel of the Court.  She retired effective February 28, 2020.  In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to Arizona Revised Statutes (A.R.S.) § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Johnsen as a judge *pro tempore* in the Court of Appeals, Division One, for the purpose of participating in the resolution of cases assigned to this panel during her term in office.

[2]        "We view the facts in the light most favorable to sustaining the verdict[s]." *State v. Trammell*, 245 Ariz. 607, 608, ¶ 1 n.1 (citing *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013)).

herself in the bathroom, where she texted her recently departed coworker, "save me," and "I don't want this."

¶4             After the victim emerged from the bathroom, she agreed to accompany Best to his bedroom. When Best began to undress, the victim protested and reminded Best that they both had significant others. Best responded that neither of their partners were present, then pushed the victim over the side of his bed, pinned her down, forced her pants off, and had intercourse with the victim while she cried and objected.

¶5             Meanwhile, the victim's coworker returned. He heard the struggle and burst into the bedroom where he observed Best thrusting into the victim and then pulling off of her to expose his erect penis. After the victim gathered her clothes, Best locked himself in his bedroom and refused to speak to anyone.

¶6             The next day, Best offered to pay the victim $1,000 and give her a plane ticket for her daughters to come and visit her. When she rejected his offer, Best offered to pay the coworker $5,000 if he would report that the victim had initiated the sexual encounter. When the coworker refused, Best offered to pay him $20,000 to split with the victim if they would not report the incident. The coworker again declined.

¶7             On November 19, 2016, the victim voluntarily submitted to a medical examination at a center for sexual assault. The nurse who examined her testified that the victim indicated there was penetration of her vagina and reported tenderness to her "right lower labia majora." The victim also reported to the nurse that her assailant was her boss.

¶8             The jury found Best guilty of one count of sexual assault and three counts of obstruction of justice. Best knowingly and voluntarily waived his right to a jury determination of aggravating factors and conceded emotional harm to the victim. The trial court found mitigating factors that outweighed the aggravating factors and sentenced Best as a non-dangerous, non-repetitive offender, to the minimum term of 5.25 years' imprisonment for sexual assault and credited him with 32 days of presentence incarceration. The court suspended imposition of sentence for the obstruction charges and placed Best on probation for 3 years, to commence upon his release. Best timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1),[3] 13-4031, and -4033(A).

---

[3]        Absent material changes from the relevant date, we cite the current version of rules and statutes.

**DISCUSSION**

**¶9** In his supplemental brief, Best argues the State did not present sufficient evidence to convict him of sexual assault. We review the sufficiency of the evidence to sustain a criminal conviction *de novo*. *State v. Bible*, 175 Ariz. 549, 595 (1993) ("We conduct a *de novo* review of the trial court's decision, viewing the evidence in a light most favorable to sustaining the verdict.") (citation omitted). "Sufficiency of the evidence must be tested against the statutorily required elements of the offense." *State v. Pena*, 209 Ariz. 503, 505, ¶ 8 (App. 2005). We will affirm unless there is a "complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (citing *State v. Scott*, 113 Ariz. 423, 424-25 (1976)). "Substantial evidence is more than a mere scintilla and is such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt,'" *State v. DiGiulio*, 172 Ariz. 156, 159 (App. 1992) (quoting *State v. Mathers*, 165 Ariz. 64, 67 (1990)), and may be proven by direct or circumstantial evidence, *Pena*, 209 Ariz. at 505, ¶ 7 (citing *State v. Blevins*, 128 Ariz. 64, 67 (App. 1981), and *State v. Webster*, 170 Ariz. 372, 374 (App. 1991)).

**¶10** "A person commits sexual assault by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person without consent of such person." A.R.S. § 13-1406(A). "Without consent" includes circumstances involving the use of coercion by force or threatened force, incapacity due to alcohol, or intentional deception. A.R.S. § 13-1401(A)(7). Sexual intercourse requires "penetration into the . . . vulva . . . by any part of the body or by any object or masturbatory contact with the penis or vulva." A.R.S. § 13-1401(A)(4).

**¶11** Best specifically argues the State presented insufficient evidence of penetration. However, "the slightest penetration of the vulva is sufficient to complete the offense." *State v. Scott*, 105 Ariz. 109, 110 (1969) (quoting *State v. Pollock*, 57 Ariz. 415, 418 (1941)). In *State v. Knaubert*, the defendant argued that because the victim's hymen was not broken and there were no signs of vaginal trauma, the evidence was insufficient to support a rape conviction. 27 Ariz. App. 53, 61 (1976). In upholding the conviction, we noted that penetration is physically possible without breaking of the hymen. *Id.* And when there is in-court testimony regarding the events, the jury must determine whether the rape was completed. *See id.*

**¶12** Our *de novo* review reveals sufficient evidence upon which a reasonable jury could determine beyond a reasonable doubt that Best

engaged in sexual intercourse with the victim without her consent. The victim testified that intercourse occurred against her protests, and the coworker provided additional evidence that Best's penis entered the victim's vulva. Additionally, the nurse testified that the victim reported tenderness in the vaginal area, painful urination, and penetration. Although Best highlighted certain inconsistencies during cross-examination, witness credibility is resolved by the jury and will not be disturbed as long as substantial evidence exists. *Soto-Fong*, 187 Ariz. at 200 (citation omitted).

¶13 We also find sufficient evidence to support Best's convictions for obstruction. Obstruction of a criminal investigation occurs when "[a] person . . . knowingly attempts by means of bribery . . . to obstruct, delay, or prevent the communication of information or testimony relating to a violation of any criminal statute." A.R.S. § 13-2409. Both the victim and the coworker testified regarding Best's offers of compensation in exchange for an agreement not to report his criminal activity.

¶14 Further review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Best was present for and represented by counsel at all critical stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages); *State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted). The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Best's presumed innocence. At sentencing, Best was given an opportunity to speak, and the court stated upon the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-702(A), (D), -710(A).

**CONCLUSION**

¶15 Best's convictions and sentences are affirmed.

¶16 Defense counsel's obligations pertaining to Best's representation in this appeal have ended. Defense counsel need do no more than inform Best of the outcome of this appeal and his future options,

unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶17** Best has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Best thirty days from the date of this decision to file an *in propria persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED:  AA