NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALBERTO SAAVEDRA LOPEZ, *Appellant.*

No. 1 CA-CR 19-0443

FILED 3-24-2020

Appeal from the Superior Court in Yavapai County
No. V1300CR201880095
The Honorable Christopher L. Kottke, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Zickerman Law Office, P.L.L.C., Flagstaff
By Adam Zickerman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David B. Gass joined.

---

**J O N E S**, Judge:

¶1      Alberto Lopez appeals his conviction and sentence for one count of theft.  After searching the entire record, Lopez's counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Lopez was granted an opportunity to file a supplemental brief *in propia persona* and did not do so.  After reviewing the entire record, we find no error.  Accordingly, Lopez's conviction and sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2      In October 2016, the Cottonwood branch of Bank of America (the Bank) discovered it was missing $5,000.[1]  The Bank uses a dual custody system, which requires that two people be actively involved each time cash is removed from or added to the vault.  Each person must initial a form verifying that the claimed amount is truly being removed or added.  During its investigation into the loss, the Bank determined Lopez's partner in the system was not following these procedures; although she initialed the form, she did not always supervise Lopez's transfers to and from the vault.

¶3      Additionally, a surveillance camera recorded Lopez removing his cash drawer from its compartment in the Bank vault at 9:18 a.m. on September 3, 2016.  Although Bank employees typically take their cash drawers directly to a teller window to use them, Lopez remained in the vault and out of the camera's view for one minute before immediately returning his cash drawer to its compartment.  Eleven minutes later, the camera recorded Lopez walking outside the Bank and using the Bank ATM to deposit $2,000 in cash into his personal account.

---

[1]      "We view the facts in the light most favorable to sustaining the verdict."  *State v. Trammell*, 245 Ariz. 607, 608, ¶ 1 n.1 (App. 2018) (citing *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013)).

¶4          Lopez did not appear at a meeting scheduled to discuss the Bank's concerns and then promptly resigned from the Bank after nearly nine years of employment.  At trial, the Bank's investigator testified that, in her experience, innocent employees will cooperate with investigations because they want to rectify the situation and keep their jobs.

¶5          The jury found Lopez guilty of theft in an amount between $2,000 and $3,000.[2]  The trial court found Lopez was a non-dangerous, non-repetitive offender, suspended imposition of sentence, and placed Lopez on supervised probation for three years.  Lopez was ordered to serve 123 days in jail as a term of his probation and given credit for three days of presentence incarceration.   Lopez timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[3] 13-4031, and -4033(A)(1).

## DISCUSSION

¶6          Our review reveals no fundamental error.  *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").  A person is guilty of class 5 theft if he "without lawful authority . . . knowingly [c]ontrols property of another with the intent to deprive the other person of such property," and the property has "a value of two thousand dollars or more but less than three thousand dollars." A.R.S. § 13-1802(A)(1), (G).  The record contains sufficient evidence upon which the jury could determine beyond a reasonable doubt that Lopez was guilty of the charged offense.

¶7          All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  So far as the record reveals, Lopez was present for and represented by counsel at all critical stages of the proceedings.  *See State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present

---

[2]          The jury also found Lopez guilty of a separate count of theft in an amount between $4,000 and $25,000.  The trial court ultimately dismissed this conviction as multiplicitous of the theft conviction at issue on appeal here.  *See Merlina v. Jejna*, 208 Ariz. 1, 4, ¶ 14 n.4 (App. 2004) (holding that multiplicitous charges "can be remedied at any time by merging the convictions and permitting only a single sentence")  (citing *United States v. Reed*, 639 F.2d 896, 904 n.6 (2d Cir. 1981), and *State v. Welch*, 198 Ariz. 554, 557, ¶ 13 (App. 2000)).

[3]          Absent material changes from the relevant date, we cite the current version of rules and statutes.

at critical stages); *State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted). The jury was properly comprised of eight jurors, *see* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a), and the record shows no evidence of jury misconduct. The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Lopez's presumed innocence. Additionally, Lopez was given an opportunity to speak at sentencing, and the court acted within its discretion to suspend the imposition of sentence and place Lopez on probation. *See* Ariz. R. Crim. P. 26.9, 26.10; A.R.S. §§ 13-702(D), -901, -902.

## CONCLUSION

**¶8**        Lopez's conviction and sentence are affirmed.

**¶9**        Defense counsel's obligations pertaining to Lopez's representation in this appeal have ended. Defense counsel need do no more than inform Lopez of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶10**        Lopez has thirty days from the date of this decision to proceed, if he wishes, with an *in propia persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Lopez thirty days from the date of this decision to file an *in propia persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED:  AA